UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD A SPANN, <br><br> Plaintiff, <br><br> v. <br><br> INDIANA THE STATE OF, ELKHART COUNTY COURT HOUSE CLERK, CURTIS HILL, <br><br> Defendants. | CAUSE NO. 3:20-CV-785-DRL-MGG |

OPINION & ORDER

Richard A. Spann, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. The court remains mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Spann is currently confined at Miami Correctional Facility. He is suing the State of Indiana, Indiana Attorney General Curtis Hill, and the Elkhart County Courthouse Clerk. He asserts that he is a citizen of the "Moorish National Old Time Republic." His complaint is nearly indecipherable, but appears to be alleging that he is entitled to money from the United States Treasury. For example, he states: "All funds in

or out of the CRS or RAA or attached to the U.S. Treasury are not unclaimed funds any longer they are my personal property and exempt from 3rd party levy." He further states: "I have taken upon myself to cure my debtors faults with use of asset instruments drawn from my UCC Contract Trust Account xxx-xx-9567 . . . in the Courts registry Instrument System or Registry Administration Accounts as 'Unclaimed Funds.'" ECF 1 at 1-2. In the section where he is asked to specify what relief he is seeking, he states as follows:

> Honor those Honorable and uphold Justice, Mercy & grace. And see that the Next Man who's able to hold these claims as truth within action of the law upon future's time, he be held in honor and won't have to STEADY Proclamation of Status, Nor discriminate on the Principles of Morality, Ethnicity, and National Origin.

ECF 1 at 5.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege that "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Upon review, the court cannot discern within the complaint any viable constitutional claim against any defendant. A claim that Mr. Spann has special status or is owed money because of his "Moorish" citizenship is patently frivolous. *See Bey v. State*, 847 F.3d 559, 559–61 (7th Cir. 2017); *Blake-Bey v. Cook Cty., Ill.*, 438 F. Appx. 522, 523 (7th Cir. 2011); *United States v. Toader*, 409 F. Appx. 9, 13 (7th Cir. Nov. 24, 2010). His allegations don't state a plausible claim for relief under 42 U.S.C. § 1983.

Ordinarily, the court should give a *pro se* litigant an opportunity to cure his defective pleadings. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). However, the court is not required to grant leave to amend when such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). The court finds no basis to conclude that, if given another opportunity, Mr. Spann could state a plausible constitutional claim against these defendants, consistent with the allegations he has already made.

For these reasons, the court:

(1) DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim for relief; and

(2) DIRECTS the clerk to close this case.

SO ORDERED.

September 22, 2020          *s/ Damon R. Leichty*
                            Judge, United States District Court